**William Robert MOSES, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 9546.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1965.

Decided Jan. 8, 1965.

Robert M. White, Norfolk, Va. (Court-assigned counsel) [Wallerstein, Goode, Adamson & Dobbins, Richmond, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

This petition for habeas corpus, filed by William Robert Moses, makes the claim that he was denied his constitutional right to the assistance of counsel at his original trial in 1945. The record shows that the petitioner was offered counsel by the trial judge and that this offer was rejected. Petitioner makes the claim that it was improper for the court to permit him to waive his right to counsel because he was "blacked out" at the time of his trial and has no recollection of the event. He alleges that he was hit on the head during World War II and suffered dizzy spells until after 1951. As he describes his condition, he would, after drinking, experience periods of amnesia during which he would be unaware of what he was doing. According to the petitioner it was in such a period that he was asked whether he wanted counsel. No medical evidence was offered in support of this. Neither when he was in the Navy, before the commission of the offense, nor after he entered the prison, did he report his alleged ailment to a doctor.

Petitioner was not sentenced on the day of his trial but several days later. There is nothing to indicate that he attempted at the time of sentence to withdraw his waiver of counsel or protest the earlier proceeding and no mention was made of his complaint until over 15 years later.

A plenary hearing was held in state court habeas proceeding. Petitioner testified that he was involved in several earlier criminal proceedings, and points out that he never waived counsel in any of them. In fact, he listed two lawyers who served him regularly. Upon this basis he contends that if he waived counsel this proves his mental incompetency at the time.

The state court decided the habeas corpus petition adversely to the petitioner. The District Court, with the transcript of the state court hearing before it dismissed the petition for federal habeas corpus, relying upon the findings of the state court. The District Judge accorded no hearing, since he found that the state court's evidentiary hearing had been full and fair and its findings upon the issue of credibility well supported. The District Court, however, filed a carefully considered opinion, discussing the several arguments of the petitioner.

Petitioner insists further that the District Court should have granted him a hearing because his state hearing was unfair. The asserted unfairness consisted of the perjury and falsification of records that the trial judge, testifying in the state habeas corpus hearing, was alleged to have committed. The particulars of this misconduct were not stated.

The final contention that waiver of counsel is per se unintelligent, and is illegal even if made consciously and deliberately, we find without merit. Certainly there is no room for such a doctrine here.

Affirmed.